IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DESHAUNE D. DARLING,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-22-978 |
| **WEBBER,** *Warden*, | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

On April 7, 2022, self-represented petitioner Deshaune D. Darling filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in the Circuit Court for Wicomico County, Maryland for drug, firearm, and related offenses. ECF 1. On June 14, 2022, respondent filed a limited answer arguing that the petition is time barred under 28 U.S.C. § 2244(d) and that Darling is not entitled either to statutory tolling or an equitable exception to the one-year filing deadline. ECF 5.

The Court provided Darling an opportunity to explain why the petition should not be dismissed as time barred. ECF 6. He filed a reply stating that the prison where he is incarcerated has been "on lock down" and he has been "stuck in this cell for 2 yrs because of Covid." ECF 7.

There is no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition is dismissed and a certificate of appealability shall not issue.

I.      Background

On February 4, 2015, a Wicomico County jury found Darling guilty of several drug, firearm, and related offenses. *State of Maryland v. Deshaune Darnell Darling*, Case No. 22-K-14-000764 (Cir. Ct. for Wicomico Cnty.); ECF 5-1, at 4–5. On May 14, 2015, he was sentenced to a total of 64 years' incarceration, with all but 35 years suspended. *Id.* at 5–8.

Darling timely noted a direct appeal to the Court of Special Appeals of Maryland,[1] which affirmed his judgment of conviction by per curiam opinion filed on June 21, 2016, and the mandate issued on July 26, 2016. *Darling v. State*, No. 751, Sept. Term 2015 (Md. Ct. Spec. App. June 21, 2016); ECF 5-1 at 9, 45–48. Darling subsequently filed a petition for a writ of certiorari in the Court of Appeals of Maryland. ECF 5-1, at 49–54. On September 29, 2016, the petition was denied. *Darling v. State*, 146 A.3d 467 (Md. 2016); ECF 5-1, at 55.

On June 5, 2017, Darling filed a petition for post-conviction relief in state circuit court, which he amended through counsel on May 28, 2019. ECF 5-1, at 9–10, 56–69. Following a hearing on November 7, 2019, the post-conviction court issued a memorandum opinion and order on March 20, 2020, denying Darling's petition in its entirety. *Id.* at 11, 70–83. On April 1, 2020, Darling filed an application for leave to appeal the denial of his post-conviction petition. *Id.* at 84–91.[2] The Court of Special Appeals summarily denied the application on August 14, 2020, and the mandate issued on September 22, 2020. *Darling v. State*, No. 274, Sept. Term 2020 (Md. Ct. Spec. App. Aug. 14, 2020); ECF 5-1, at 92–93, 97.

---

[1] At the time Darling's case was litigated in the Maryland state courts, the Appellate Court of Maryland was named the "Court of Special Appeals" and the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of both courts, and the change took effect on December 14, 2022.

[2] Darling signed the application on April 1, 2020, and the Court accepts this as the filing date under the "prison mailbox rule," although the court did not receive it until May 7, 2020.

On September 16, 2020, Darling filed a motion for reconsideration of the post-conviction proceedings in state circuit court. ECF 5-1, at 11, 94–96 (signature date; received by court October 19). The motion was denied by marginal order on April 28, 2021. *Id.* On December 13, 2021, Darling filed a similar motion seeking to reopen his post-conviction proceeding. *Id.* at 11, 98–101 (signature date; received by court December 23). The second motion was denied on January 13, 2022. *Id.* at 11, 102.

On April 7, 2022, Darling filed his petition in this Court. *See* ECF 1, at 16; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).[3] He asserts that trial counsel rendered ineffective assistance in failing to: (1) challenge the search and seizure warrants and the affidavit in support of the application for the search warrant, (2) raise the issue that the application for search warrants and affidavits was a pretext to allow an unrelated homicide investigation access to Darling's property, (3) raise the issue that "Trooper Meier's report and the CAD notes contradict K-9 officer's testimony," and (4) cross-examine two chemists regarding their analysis of cocaine admitted into evidence. ECF 1, at 6, 8, 9 11.

## II.  Discussion

The threshold issue in this case is the timeliness of the petition. Only if the petition is timely may the Court reach the merits of Darling's claims.

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] It is unclear when Darling deposited his petition in the prison's mailing system. However, because Darling certified that he mailed the petition on April 7, 2022, the Court considers that date as the filing date.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed. The limitations period is also subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Extraordinary circumstances may involve "wrongful conduct" on the

part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

In this case, the one-year limitations period runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date"). The Maryland Court of Appeals denied Darling's petition for certiorari on September 29, 2016. Darling had 90 days from that date to pursue certiorari review in the Supreme Court of the United States, which he did not do. *See* U.S. Sup. Ct. Rule 13.1. The 90-day period expired on December 28, 2016. Therefore, Darling's conviction became final on December 28, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (noting that, if discretionary review in the state court of last resort is sought, the conviction "becomes final . . . when the time for pursuing direct review in [the Supreme] Court . . . expires"). Absent tolling, the limitations period for habeas review would have closed on December 28, 2017.

Darling's June 5, 2017, petition for post-conviction relief, filed 159 days later, was a "properly filed application" for state post-conviction review and tolled the running of the one-year limitations period. The petition was pending until September 22, 2020, when the Court of Special Appeals, having denied leave to appeal on August 14, issued the mandate. Darling filed his first motion for reconsideration on September 16, before the mandate issued, and it was denied on April 28, 2021. Put simply, the federal clock stopped on June 5, 2017—159 days after Darling's conviction became final on December 28, 2016—and restarted on April 28, 2021, with 206 days remaining (one year less 159 days). Darling did not file his second motion for reconsideration until December 13, 2021, 230 days later. Thus, the one-year limitations period

expired on November 20, 2021—206 days after April 28, 2021. After the second motion for reconsideration was denied on January 12, 2022, 97 days passed before Darling filed his federal petition for a writ of habeas corpus. Thus, a total of 486 days passed in which Darling had no state collateral review pending. Therefore, statutory tolling does not salvage Darling's federal habeas claims.

As to equitable tolling, Darling alleges that he was unable to timely file his petition because his place of incarceration had been on "lock down" due to the COVID-19 pandemic. ECF 7. As this court previously stated, however, a "petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021); *see also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis."). "The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Donald,* 853 F. App'x at 234 (citation omitted).

Here, as respondent correctly notes, the fact that Darling was able to file, during the pandemic, two motions to reconsider the denial of his post-conviction petition in state court undermines his claim that the pandemic prevented him from timely filing a habeas petition in federal court. Equitable tolling is thus inapplicable in this case.

For the foregoing reasons, the relief sought must be denied and Darling's petition is dismissed as untimely.

### III.     Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017).  Because Darling fails to satisfy this standard, the Court declines to issue a certificate of appealability.  Darling may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.     Conclusion

The petition for writ of habeas corpus is dismissed.  The Court declines to issue a certificate of appealability.  A separate Order follows.

October 18, 2023
Date

Deborah L. Boardman
United States District Judge